UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RITA JANELLE SPEECH,

    Plaintiff,

v.

ARIEL NICHOLSON,

    Defendant.

Case No. 13-cv-05867-JCS (PR)

**ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by a pro se state prisoner. After review pursuant to 28 U.S.C. § 1915(e), the Court DISMISSES the complaint with leave to file an amended complaint on or before May 25, 2014.[1]

## DISCUSSION

**A.   Standard of Review**

In its initial review of this pro se complaint, this Court must dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks

---

[1] Plaintiff has consented to magistrate judge jurisdiction. The magistrate, then, has jurisdiction to issue this order, even though the defendant has not been served or consented to magistrate jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prisoners action under 42 U.S.C. § 1983 as frivolous without consent of defendants because they had not been served and therefore were not parties).

monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

        A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

## B.   Legal Claims

        Plaintiff alleges that Ariel Nicholson used the power of attorney she had over plaintiff's bank accounts to misappropriate plaintiff's money.  The complaint will be dismissed for the following reasons.  First, it is not clear whether Nicholson is a private or state actor.  Plaintiff states only that Nicholson "worked for cable [but] now she is a full[-]time student in Washington." (Compl. at 2.)  If she is a private actor, she is not liable under section 1983.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  In her amended complaint, plaintiff must tell the Court who Nicholson is, and whether she is a private or state actor.  If she is a state actor, plaintiff must specify what employment position Nicholson held at the time of the alleged misappropriation.

        Second, it is not clear that this Court has jurisdiction over what appears to be a state law claim.  Unlike state courts, "[f]ederal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  The two main classes of cases over which the federal courts have jurisdiction are those that present a federal question, *see* 28 U.S.C. § 1331, and those in which the parties have diverse citizenship and involve an

amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332.  The face of the complaint shows no basis for federal jurisdiction.  Plaintiff may wish to dismiss her federal complaint and file an action in state court, where subject-matter jurisdiction is not in question.

Because of these deficiencies, the complaint is DISMISSED with leave to amend. Plaintiff shall file an amended complaint on or before May 25, 2014.  The first amended complaint must include the caption and civil case number used in this order (13-5867 JCS (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  It must also address all deficiencies discussed above.  Because an amended complaint completely replaces the previous complaints, plaintiff must include in her first amended complaint all the claims she wishes to present and all of the defendants she wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  She must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**Dated:** April 15, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge